NOT FOR PUBLICATION

                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
                              CAMDEN VICINAGE

_____
                                        :
                                        :
IN RE: MICHAEL J. BOWEN and             :     Civil No. 08-4724 (RBK)
MARGARET A. BOWEN                       :     **OPINION**
                                        :
_____:

**KUGLER**, United States District Judge:

    Appellant United Supply Company ("United" or "Appellant") appeals the decision of the Bankruptcy Court, which granted a motion by Debtors Michael J. Bowen and Margaret A. Bowen ("the Bowens") to sell real property while avoiding a lien held by the Appellant United Supply Company ("United") for unpaid bills for plumbing products and supplies.  Appellant also appeals the Order of the Bankruptcy Court releasing the proceeds of the sale, which had been held in escrow, to the mortgage holder, America's Servicing Company.  For the reasons expressed herein, the Court will dismiss both appeals.

I.      BACKGROUND

    The parties do not dispute the facts of the procedural history of this matter.  They agree that United held a judicial lien on the Bowens' residence, located at 319 South Jackson Street, Woodbury, New Jersey, amounting to approximately $28,000.

    On May 11, 2007, the Bowens filed a Chapter 13 Bankruptcy Petition.  They filed the attendant Chapter 13 Plan and schedules on May 23, 2007.  The Bowens moved at that time, pursuant to 11 U.S.C. § 522(f), to avoid United's lien on their residence.  On July 10, 2008, the

Bowens filed a motion to sell their residence. United opposed the motion, as did the Chapter 13 Trustee. On July 31, 2008, the Bankruptcy Court granted the Bowens' motion to sell their residence, issuing an Order which, inter alia, set aside the lien held by United, as United was "without collateral to secure its judicial lien." The July 31, 2008 Order provided that after payment of costs and fees and the amount which the mortgagee of the residence had agreed to accept from the proceeds of the sale, any surplus would be held in escrow pending resolution of the dispute as to United's share of the proceeds.

After briefing by and a telephone conference with the parties, the Bankruptcy Court issued an Order on August 19, 2008 that the remaining proceeds of the sale, which had been held in escrow, were to be released to the mortgage holder, America's Servicing Company.

On August 29, 2008, United filed a notice of appeal of the July 31 and August 19, 2008 Orders. United filed a brief in this Court, and the Bowens, Appellees in the instant action, filed a responsive brief. America's Servicing Company is also named as an Appellee in this matter but did not file a brief, although in a letter to the Court on October 24, 2008, it stated that it would do so on or before October 31, 2008. None of the parties have addressed the timeliness of United's appeal.

II.   ANALYSIS

The Court is mindful that the Third Circuit has not squarely addressed whether a district court may sua sponte consider its appellate jurisdiction over an appeal from an order of the Bankruptcy Court. However, that the court of appeals has addressed that **it** has an obligation to do so suggests that this Court too may sua sponte consider its jurisdiction over an appeal from the Bankruptcy Court. See, e.g., In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir. 1987) (the court

of appeals explaining that even if the parties agree to the court of appeals' jurisdiction over a bankruptcy appeal, the court has a "duty to raise the issue of jurisdiction sua sponte;" see also Adapt of Philadelphia v. Philadelphia Housing Authority, 433 F.3d 353, 361 n. 10 (3d Cir. 2006) (the court of appeals noting its "inherent obligation" to ascertain, sua sponte if necessary, whether it has appellate jurisdiction over a particular claim).

A.   **Appeal of the July 31, 2008 Order**

Federal Rule of Bankruptcy Procedure 8002(a) provides, "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The Third Circuit has made clear that, "[f]ailure to file a timely notice of appeal . . . deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." In re Universal Minerals Inc., 755 F.2d 309, 312 (3d Cir. 1985); see also In re Smith, 189 Fed. Appx. 88, 89 (3d Cir. 2006) ("The failure to file a timely notice of appeal [from Bankruptcy Court] creates a jurisdictional defect barring appellate review . . . . The Court may raise this jurisdictional issue sua sponte.")(internal quotations omitted) (citing In re Mouradick, 13 F.3d 326, 328 (9th Cir. 1994); Adapt, 433 F.3d at 361 n.10)).

On July 31, 2008, the Bankruptcy Court entered an Order granting the Bowens' motion to sell their residence and setting aside the lien held by United because it was deemed an unsecured creditor. The period for filing a notice of appeal of that Order began on August 1, 2008 and ended on August 11, 2008. See Bankruptcy Rule 9006(a). Because the July 31, 2008 Order authorized the sale of the Bowens' residence pursuant to 11 U.S.C. § 363, the Bankruptcy Court could not have enlarged the time for United's appeal, had United so moved. See Bankruptcy Rule 8002(c)(1)(B). United's August 29, 2008 notice of appeal of the Bankruptcy Court's July

31, 2008 Order was therefore untimely. Accordingly, this Court lacks jurisdiction to review the Bankruptcy Court's July 31, 2008 Order in this matter and will dismiss United's appeal of the Order.

> **B.     Appeal of the August 19, 2008 Order**

"Standing is a jurisdictional requirement." In re ANC Rental Corp., 280 B.R. 808, 815 (D. Del. 2002). "Moreover, even if a party fails to raise the issue of standing, because standing is a jurisdictional requirement, the [district] court has the authority and the duty to raise the issue sua sponte when necessary." Id. (citing Steele v. Blackman, 236 F.3d 130, 134 n. 4 (3d Cir. 2001) ("[W]e are required to raise issues of standing sua sponte if such issues exist.")).

Appellate standing in bankruptcy proceedings is limited "to persons or entities that are aggrieved by an order which diminishes their property, increases their burdens, or detrimentally affects their rights." In re Congoleum Corp., 426 F.3d 675, 685 (3d Cir. 2005). Appellate standing in a bankruptcy proceeding is thus far more limited than Article III standing. Id. Standing to appeal an order of the Bankruptcy Court is limited to those "whose rights or interests are directly and adversely affected pecuniarily" by the appealed order. In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993).

On August 19, 2008, the Bankruptcy Court entered an Order that the remaining proceeds of the sale of the Bowens' residence, which had been held in escrow, were to be released to the mortgage holder, America's Servicing Company. United's August 29, 2008 notice of appeal of the August 19, 2008 Order was timely filed. However, because the Bankruptcy Court's July 31, 2008 Order set aside United's lien because it was an unsecured creditor, United does not meet the jurisprudential limitations on standing in bankruptcy appeals. To be sure, United may have had

standing had it timely appealed the July 31, 2008 Order and been deemed a secured creditor entitled to some of the proceeds of sale.  As the Bankruptcy Court's July 31, 2008 Order deemed United an unsecured creditor and set aside its lien on the Bowens' residence, and because the appeal of same has been dismissed herein, United was not aggrieved by the later Order which released the proceeds from the sale to another creditor.  United did not have a right to the proceeds of sale and so has no standing to appeal the release of the funds from escrow.  Not only was this the position of the Bankruptcy Court, but it is also the practical effect of this Court's dismissal of United's appeal of the July 31, 2008 Order.  Accordingly, the Court will dismiss United's appeal of the Bankruptcy Court's August 19, 2008 Order for lack of standing.

### III.   CONCLUSION

Based upon the foregoing, the Court will dismiss United's notice of appeal.  The accompanying Order shall issue today.


Dated:   4-24-09                                                            /s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                              United States District Judge